# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF INDIANA
# EVANSVILLE DIVISION

| | |
|---|---|
| ALAN R. BRILL, an individual; BUSINESS MANAGEMENT CONSULTANTS, LP, a Virginia limited partnership; NEXUS SYSTEMS, INC., a Virginia corporation; ARB FINANCE-TWO, INC., a Virginia corporation; BEL, LLC, a Virginia limited liability company; BH ONE, LLC, a Virginia limited liability company; BH TWO, LLC, a Virginia limited liability company; BUSINESS MANAGEMENT HOLDINGS, INC., a Virginia corporation; BRILL MEDIA HOLDINGS, LLC, a Virginia limited liability company; BROADCASTING, INC., a Virginia corporation; CENTRAL MICHIGAN DIRECTORIES, INC., a Virginia corporation; CI, LLC, a Virginia limited liability company; C.M. REALTY, INC., a Virginia corporation; CMR INVESTMENTS, LP, a Virginia limited partnership; DRI, LLC, a Virginia limited liability company; DRII, LLC, a Virginia limited liability company; ERC I, LLC, , a Virginia limited liability company; HURON HOLDINGS, INC., a Virginia corporation; HURON MANAGEMENT, INC., a Virginia corporation; LANCASTER-YORK BROADCASTING, LLC, a Virginia limited liability company; LANCASTER-YORK BROADCASTING MANAGEMENT, INC., a Virginia corporation; LANCASTER-YORK HOLDINGS, LLC, a Virginia limited liability company; LANCASTER-YORK HOLDINGS MANAGEMENT, INC., a Virginia corporation; LEARNING RESEARCH, INC., a Virginia corporation; NORTHERN HOLDINGS, INC., a Virginia corporation; NORTHERN COLORADO MANAGEMENT, INC., a Virginia corporation; NORTHLAND HOLDINGS, INC., a Virginia corporation; NORTHLAND MANAGEMENT, INC., a Virginia corporation; NORTHWEST RADIO, INC., a Virginia corporation; OUTDOOR ADVERTISING, LLC, a Virginia limited liability company; PONTIAC NEWSPAPERS, INC., a Virginia corporation; TC2, INC., a Virginia corporation; SIGN EASY, INC., a Virginia corporation; TOWER COMPANY, INC., a Virginia corporation; TSB II, INC., a Virginia corporation; TSB III, LLC, a Virginia limited liability company; TSB III MANAGEMENT, INC., a Virginia corporation; TRI-STATE HOLDINGS, LLC, a Virginia limited liability company; TRI-STATE HOLDINGS MANAGEMENT, INC., a Virginia corporation; NEXUS SERVICES, LLC, a Virginia limited liability company; WYM, LLC, a | **ADV. CASE NO.:**<br><br>**[to be assigned]**<br><br>**RELATED TO BANKRUPTCY CASE NO. 02-70079 (jointly administered with Case Nos. 02-70080, 02-70081, and 02-70280 through 02-70350 inclusive)** |

Virginia limited liability company;

    Plaintiffs,

vs.

REGENT COMMUNICATIONS, INC., a Delaware corporation; TERRY S. JACOBS, an individual; NICHOLAS W. TELL JR., an individual; TCW GROUP, INC., a Nevada corporation; AIG RETIREMENT SERVICES f/k/a AIG SUNAMERICA, INC., a Delaware corporation; TCW SHARED OPPORTUNITY FUND IIB, LLC, a Delaware limited liability company; TCW SHARED OPPORTUNITY FUND III, LP, a Delaware limited partnership; TCW LEVERAGED INCOME TRUST, LP, a Delaware limited partnership; TCW LEVERAGED INCOME TRUST II, LP, a Delaware limited partnership; TCW LINC III CBO, Ltd., a Cayman Islands corporation; TCW LEVERAGED INCOME TRUST IV, LP, a Delaware limited partnership; TCW (SHOP III) LP, a Delaware limited partnership; TCW Advisers (Bermuda), Ltd., a Bermuda corporation; TCW (LINC II), LP, a Delaware limited partnership; TCW (LINC IV) LLC, a Delaware limited liability company; TCW ASSET MANAGEMENT COMPANY, a California corporation; TCW INVESTMENT MANAGEMENT COMPANY, a California corporation; SHANNON WARD, an individual; and DOES 1 through 50, inclusive;

    Defendants.

## **NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-TITLED COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

    PLEASE TAKE NOTICE that Defendants Nicholas W. Tell, Jr., TCW Group, Inc., TCW Shared Opportunity Fund IIB, LLC, TCW Shared Opportunity Fund III, LP, TCW Leveraged Income Trust, LP, TCW Leveraged Income Trust II, LP, TCW LINC III CBO, Ltd., TCW Leveraged Income Trust IV, LP, TCW (SHOP III) LP, TCW Advisers (Bermuda) Ltd., TCW (LINC II), LP, TCW (LINC IV) LLC, TCW Asset Management Company, and TCW Investment

Management Company (collectively, the "TCW Defendants") and AIG Retirement Services, Inc. f/k/a AIG SunAmerica, Inc. and Shannon Ward (collectively, the "AIG Defendants") (all of the foregoing collectively the "Removing Defendants"), hereby remove to this Court, with full reservation of all defenses, the state court action described below, Vanderburgh County Superior Court Case No. 82D030808-PL-4636. In support of this removal, the Removing Defendants state:

### Bases for Removal

1.  This action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1334(b), because this action is a civil proceeding related to a case under Title 11, specifically *In re Brill Media Company et al.,* Case No. 02-70079 (jointly administered with Case Nos. 02-70080, 02-70081, 02-70280 through 02-70350, inclusive) in the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division. Consequently, the action may be removed to this Court pursuant to 28 U.S.C. § 1452(a).

2.  As a further additional ground for removal, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331, because this action is a civil action arising under the laws of the United States, including but not limited to 11 U.S.C. § 303(i) and 15 U.S.C. § 77ppp(b). Consequently, the Action may be removed to this Court pursuant to 28 U.S.C. § 1441(b).

### The Request for Removal is Timely

3.  Defendants TCW Asset Management Company and Terry Jacobs were served on August 28, 2008 with a Summons and Complaint in the action entitled *Alan Brill et al. v. Regent Communications, Inc. et al.,* Case No. 82D030808-PL-4636, filed in Vanderburgh County Superior Court, State of Indiana (the "Superior Court Action"). Defendant AIG was served on or about September 2, 2008. Several Defendants, including Shannon Ward, have not been served. A true and correct copy of the original Complaint in the Superior Court Action is attached as Exhibit A hereto.

4. Effective August 29, 2008, Plaintiff Alan R. Brill, acting *pro se,* filed a Notice of Dismissal without prejudice as to defendants Anthony H. N. Schnelling, Bridge Associates, LLC, H. Slayton Dabney, Jr., John W. Ames, and Greenebaum Doll & McDonald PLLC (collectively, the "Voluntarily Dismissed Defendants"). A true and correct copy of this Notice of Dismissal is attached as Exhibit B hereto.

5. On September 16, 2008, Plaintiff Alan R. Brill, acting *pro se,* filed a First Amended Complaint in the Superior Court Action. A true and correct copy of this First Amended Complaint is attached as Exhibit C hereto.

6. The Removing Defendants are informed and believe that the documents attached hereto as Exhibits A, B and C constitute all process, pleadings, and orders served in the Superior Court Action.

7. This removal is timely pursuant to 28 U.S.C. § 1446(b), 28 U.S.C. § 1452 and Rule 9027(a)(3) of the Federal Rules of Bankruptcy Procedure because the removal is not beyond 30 days after service of the summons and complaint. No defendant has responded to the Complaint, and these responses are not yet due. Defendant Shannon Ward explicitly reserves all rights to assert that she is not subject to the personal jurisdiction of any court in Indiana, and consents to this removal without waiver of any defense, including specifically lack of personal jurisdiction. *See Silva v. City of Madison,* 69 F.3d 1368, 1376 (7th Cir. 1995); *Product Components, Inc. v. Regency Door & Hardware, Inc.,* 568 F. Supp. 651, 655 (S.D. Ind. 1983).

8. Defendant Does 1 through 50 are also named in the Superior Court Action. These unknown defendants are not required to join in the removal notice. *See, e.g., Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369 (7th Cir. 1993) ("Nominal or formal parties need not join in removal"); *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980).

**Bankruptcy Jurisdiction is Established Here**

9. According to the Complaint in the Superior Court Action, the Removing Defendants have allegedly wronged the Plaintiffs by, among other actions, filing involuntary bankruptcy petitions against certain affiliated entities, *see* Exhibit A at ¶ 162 & Exhibit C at ¶

166, and interfering with the liquidation auction in the bankruptcy. *See* Exhibit A at ¶¶ 175-87 & Exhibit C at ¶¶ 242-255.

10. Additionally, several of the causes of action asserted in the Superior Court Action are allegedly brought on behalf of the Brill Media bankruptcy estate. *See, e.g.,* Exhibit A at ¶¶ 204-06 & Exhibit C at ¶¶ 272-74 (Intentional Interference claim on behalf of "Alan Brill Parties/Brill Bankruptcy Estate); Exhibit A at ¶¶ 207-09 & Exhibit C at ¶¶ 275-77 (same); Exhibit A at ¶¶ 216-18 & Exhibit C at ¶¶ 284-86 (Negligent Interference claim on behalf of "Alan Brill Parties/Cumulus and Alan Brill Parties/Brill Bankruptcy Estate").

11. The allegations of the Complaint are substantially related to questions of law and fact regarding the conduct of bankruptcy proceedings, as well as the propriety of actions taken in the course of such proceedings. Consequently, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1334(a) and (b), which grant the District Courts original jurisdiction over all matters under Title 11 of the United States Code, which governs bankruptcy cases.

## Federal Question Jurisdiction is Established Here

12. The Complaint in the Superior Court Action alleges that the TCW Defendants and AIG have wronged the Plaintiffs by, among other actions, breaching the Indenture that governs the Brill Media bonds. *See* Exhibit A at ¶¶ 105-06 & Exhibit C at ¶¶ 106-110 (factual allegations of breach of the Indenture), Exhibit A at ¶ 222 & Exhibit C at ¶ 290-91 (Thirteenth Cause of Action for Breach of Indenture), Exhibit A at ¶¶ 226-28 & Exhibit C at ¶¶ 294-96 (Fifteenth Cause of Action for Breach of Covenant of Good Faith and Fair Dealing in Indenture).

13. The remedies for a violation of the terms of the Indenture are governed by federal law, specifically the Trust Indenture Act of 1939 (15 U.S.C. §§ 77aaa-bbbb). As a result, the Complaint discloses on its face that these causes of action arise under the laws of the United States, and that this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.

14. This Court has supplemental jurisdiction over the remaining causes of action pursuant to 28 U.S.C. § 1367(a), in that these additional claims form part of the same case or

controversy under Article III of the United States Constitution. Supplemental jurisdiction properly extends to the claims against the Regent Defendants as additional parties. 28 U.S.C. § 1367(a) ("Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.").

### **Additional Procedural Requirements for Removal**

15. The United States District Court for the Southern District of Indiana, Evansville Division, embraces the place, Evansville, Indiana, where the Superior Court Action is currently pending.

16. The Superior Court Action is therefore one over which the United States District Court for the Southern District of Indiana has jurisdiction, and this action may be removed to the Evansville Division of this Court by the Removing Defendants pursuant to 28 U.S.C. §1441(a).

17. Removal to the United States Bankruptcy Court for the Southern District of Indiana is proper under 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure.

18. A Notice of Removal to Federal Court will be filed and served today in the Superior Court Action. A true and correct copy of that Notice is attached as Exhibit D.

19. Defendants intend no admission of fact, law, or liability by this Notice, and reserve all defenses, motions, and pleas.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Conclusion**

WHEREFORE, the case now pending in the Vanderburgh Superior Court, State of Indiana, entitled *Brill et al. v. Regent Communications, Inc. et al.,* Case No. 82D030808-PL-4636 is hereby removed to the United States District Court for the Southern District of Indiana, to be referred to the United States Bankruptcy Court for the Southern District of Indiana, Evansville Division, pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure and to be assigned to the judge presiding over Bankruptcy Case No. 02-70079 (jointly administered), as a related case thereto.

>/s/ Andrew C. Ozete
>DOUGLAS A. WELP
>BAMBERGER, FOREMAN, OSWALD AND HAHN, LLP
>20 N. W. 4th Street, 7th Floor
>P. O. Box 657
>Evansville, IN  47704-0657
>Ph:  (812) 425-1591
>Fax: (812) 421-4936
>dwelp@bamberger.com
>ATTORNEY FOR DEFENDANTS TCW GROUP, INC. et al. and NICHOLAS W. TELL, JR.

*OF COUNSEL for TCW Group Inc. et al.:*

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
Bruce E. Van Dalsem
David Azar
Rory S. Miller
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

## **CONSENT AND JOINDER IN PETITION**

Defendants AIG Retirement Services, Inc. f/k/a AIG SunAmerica, Inc. and Shannon Ward hereby consent to and join in the Notice of Removal.

        /s/ Jeffrey A. Hokanson
JEFFREY A. HOKANSON
HOSTETLER & KOWALIK, P.C.
101 W. Ohio Street, Suite 2100
Indianapolis, IN 46204
Ph: (317) 222-7486
Fax: (317) 262-1010
jeff.hokanson@hostetler-kowalik.com
ATTORNEY FOR DEFENDANTS AIG RETIREMENT SERVICES, INC. F/K/A AIG SUNAMERICA AND SHANNON WARD

*OF COUNSEL for AIG Retirement Services, Inc.*
*f/k/a AIG SunAmerica Inc. and Shannon Ward:*

SIDLEY AUSTIN LLP
Thomas Hanrahan
Joel G. Samuels
Amy P. Lally
Anand Singh
555 West Fifth Street, Suite 4400
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

## **CONSENT AND JOINDER IN PETITION**

Defendants Regent Communications, Inc. and Terry S. Jacobs hereby consent to and join in the Notice of Removal.

        /s/ Michael J. Debbeler
MICHAEL J. DEBBELER,
JOHN C. GREINER
GRAYDON HEAD & RITCHEY LLP
511 Walnut Street
Cincinnati, OH 45202
Ph: (513) 629-2734
Fax: (513) 651-3836
jgreiner@graydon.com
ATTORNEY FOR DEFENDANTS REGENT COMMUNICATIONS, INC. AND TERRY S. JACOBS

**CERTIFICATE OF SERVICE AND COMPLIANCE**

      I certify that the foregoing document complies with the requirements of Trial Rule 5(G) with regard to information excluded from the public record under Administrative Rule 9(G) and that I have this 19th day of September, 2008 caused a true and correct copy of the above and foregoing to be served on:

  Alan R. Brill
  420 Northwest Fifth Street
  Evansville, IN  47708

                        /s/ Andrew C. Ozete_____