## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF INDIANA
## AT EVANSVILLE

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy Nos. 02-70079 through 02-70081 Inclusive |
| BRILL MEDIA COMPANY, LLC, | : | |
| BRILL MEDIA MANAGEMENT, INC., | : | Bankruptcy Nos. 02-70280 through 02-70350 Inclusive |
| BRILL HOLDINGS, et al., | : | |
| | : | |
| Debtors, | : | Consolidated for Administration at Case No. 02-70079 |
| | : | |
| | : | Chapter 11 |
| | : | |
| | : | (Judge Basil H. Lorch, III) |
| …………………………………………... | : | |
| ALAN R. BRILL, et al., | : | Adv. Pro. No. 08-57096 |
| | : | |
| Plaintiffs, | : | Related to Bankruptcy Case No. 02-70079 (Jointly Administered with Case Nos. 02-70080, 02-70081, and 02-70280 through 02-70350 Inclusive) |
| v. | : | |
| REGENT COMMUNICATIONS, INC., et al., | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT REGENT COMMUNICATIONS, INC.'S MOTION TO STRIKE SECOND AMENDED COMPLAINT AND OBJECTION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

Defendant Regent Communications, Inc. ("Regent"), by and through the undersigned counsel, submits this Motion to Strike Second Amended Complaint and Objection to Motion for Leave to File Second Amended Complaint (collectively, the "Motion"). In support of the Motion, Regent states as follows:

**BACKGROUND**

1. The bankruptcy case giving rise to this adversary proceeding was originally filed on January 17, 2002. SunAmerica, Inc., Conseco Capital Management, Inc., Shared Opportunity Fund IIB, LLC, TCW Shared Opportunity Fund III, LP, TCW Leveraged Income Trust, LP, TCW Leveraged Income Trust II, LP, TCW LINC III CBO Ltd., and TCW Leveraged Income Trust IV, LP (collectively the "Petitioning Creditors") initiated the case by filing involuntary Chapter 7 petitions for relief under Section 303 of Title 11 of the United States Code against Brill Media Company, LLC, Brill Media Management, Inc., and BMC Holdings, LLC (the "Initial Debtors").

2. The Initial Debtors consented to relief and converted the cases to Chapter 11 on February 6, 2002. Then on February 20, 2002, the remaining 71 Debtors filed separate voluntary Chapter 11 petitions.

3. Prior to their bankruptcy filing, the Debtors operated two types of media enterprises – (1) AM and FM radio stations (the "Radio Segment") and (2) publication of daily and weekly newspapers and shoppers (the "Newspaper Segment").

4. Regent's only involvement in the underlying bankruptcy was by way of its purchase of certain assets related to the Radio Segment (the "Radio Station Assets") through an auction authorized by the Court.

5. This Court approved Regent's purchase of the Radio Station Assets in its Order dated August 26, 2002.[1]

6. Six years later on August 25, 2008, Alan Brill ("Brill") and his Non-Debtor Affiliates filed suit against Regent, its former Chairman and CEO, Terry S. Jacobs ("Jacobs"), TCW Group, Inc. (and parties affiliated with it) ("TCW"), AIG Retirement Services, Inc. f/k/a

---

[1] Bankruptcy Document No. 528.

2

AIG SunAmerica Inc. ("AIG"), Nicholas W. Tell of TCW ("Tell"), and various of the Debtors' Professionals including Bridge Associates, LLC ("Bridge"), Greenebaum Doll & McDonald PLLC ("GDM"), Anthony H.N. Schnelling ("Schnelling"), John W. Ames ("Ames"), and H. Slayton Dabney ("Dabney") (collectively, the "Professionals"). The suit was filed in Vanderburgh Superior Court under Cause No. 82D03-0808-PL-4636 (the "Lawsuit").

7. The Lawsuit was removed to this Court as the present adversary proceeding. The essence of Brill and his Non-Debtor Affiliates' claims against Regent and Jacobs relate to certain confidentiality agreements that were entered into prior to the sale of the Radio Station Assets.

8. On September 17, 2008, Debtors filed a motion in the underlying bankruptcy case seeking to compel Brill and his Non-Debtor Affiliates to comply with the prior Orders of this Court as well as for sanctions for their previous failure to comply with such Orders (the "Debtors' Motion").[2]

9. Regent and Jacobs filed a similar motion and response in support of Debtors' Motion on November 3, 2008.[3]

10. TCW and AIG filed a joint response in support of Debtors' Motion on November 3, 2008.[4]

11. The motions to compel and responses came before the Court for hearing on November 7, 2008. In connection with the hearing, the Court held a pretrial conference in this case.

12. On November 21, 2008, the Court issued an Order staying the proceedings in the present case while the motions in the underlying bankruptcy could be resolved.[5] The Order

---

[2] Bankruptcy Document No. 1777.
[3] Bankruptcy Document No. 1781.
[4] Bankruptcy Document No. 1784.
[5] Adversary Document No. 70.

Temporarily Staying Proceedings was in effect at the time Plaintiffs filed their Motion for Leave to File Second Amended Complaint and the Second Amended Complaint.

## BASIS FOR RELIEF

13. Under Rule 12(f) of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by way of Federal Rule of Bankruptcy Procedure 7012(b), the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." See, Fed. R. Civ. Pro. 12(f); and City of Indianapolis v. Union Carbide Corp., 2003 WL 22327833, *1 (S.D. Ind. 2003).

14. Here, when the Court entered its Order Temporarily Staying Proceedings, it found that this adversary proceeding should be held in abeyance pending the disposition of the motions to compel. To date, there has been no decision on certain Reserved Issues[6] relating to the motions to compel. As a result, the Motion for Leave to File Second Amended Complaint and the Second Amended Complaint were filed in direct violation of the Order. Consequently, the Second Amended Complaint should be stricken under Rule 12(f).

## RELIEF REQUESTED

15. Regent respectfully requests that the Court issue an Order striking Plaintiffs' Second Amended Complaint and for all other relief necessary to fully protect Regent, the Debtors and all other interested parties.

---

[6] The Reserved Issues are defined in the Order On Motion To Compel Compliance With The Prior Orders Of This Court And For Sanctions (Bankruptcy Document No. 1808). The issues include, among other things, whether some or all of the claims set forth in the Lawsuit are property of the Debtors' Estate, are barred by res Judicata, collateral estoppel and the law of the case, and are otherwise violative of 11 U.S.C. § 363(n).

4

<table>
<tr><td>

OF COUNSEL:

GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH  45202-3157
Phone: (513) 621-6464
Fax:    (513) 651-3836

</td><td>

Respectfully submitted,

*/s/ J. Michael Debbeler*
J. Michael Debbeler
Nathan H. Blaske
*Attorneys for Defendants Regent Communications, Inc. and Terry S. Jacobs*
GRAYDON HEAD & RITCHEY LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, OH  45202-3157
Telephone:  (513) 621-6464
Facsimile:  (513) 651-3836
E-Mail:  mdebbeler@graydon.com
          nblaske@graydon.com

</td></tr>
</table>

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served upon the following by electronic transmission or first class United States Mail, postage prepaid, this 3rd day of February, 2009.

Phillip J. Fowler
Thomas C. Scherer
Bingham McHale LLP
10 West Market Street, Suite 2700
Indianapolis, IN 46204

James A. Hennefer
Hennefer & Wood
425 California Street, 19th Floor
San Francisco, CA  94104

David M. Stern
Klee, Tuchin, Bogdanoff & Stern LLP
2121 Avenue of the Stars, 33rd Floor
Los Angeles, CA  90067-5061

Jeffrey A. Hokanson
Ice Miller LLP
One American Square, Suite 3100
Indianapolis, IN  46282-0200

James R. Noblin
Bleecher & Collins, P.C.
515 South Figueroa Street, 17th Floor
Los Angeles, CA  90017

Joel G. Samuels
Sidley Austin LLP
555 West Fifth Street, Suite 4000
Los Angeles, CA  90013

Beth Kramer
U.S. Trustee's Office
101 West Ohio Street, Suite 1000
Indianapolis, IN  46204

C.R. Bowles, Jr.
Greenebaum Doll & McDonald PLLC
3500 National City Tower
101 South Fifth Street
Louisville, KY  40202

*/s/ J. Michael Debbeler*
J. Michael Debbeler

1957965.1